**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GREGORY C. JOHNSON, JR.,
*Defendant-Appellant.*

No. 02-4113

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-01-56)

Submitted: November 27, 2002

Decided: December 23, 2002

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Gregory C. Johnson, Jr., pled guilty pursuant to a written plea agreement to assault with a dangerous weapon, 18 U.S.C. § 113(a)(3) (2000), and possession of marijuana, 21 U.S.C. § 844 (2000), and was sentenced to a total term of 108 months imprisonment. Johnson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court erred in denying Johnson a reduction in his sentence for acceptance of responsibility, *U.S. Sentencing Guidelines Manual*, § 3E1.1(a) (2000), but stating that, in his view, there are no meritorious issues for appeal. Johnson has also filed a supplemental pro se brief raising two additional issues. For the reasons that follow, we affirm Johnson's sentence.

On November 25, 2000, Johnson accompanied his girlfriend, Sarita Dudley-Nixon, to the Camp Lejeune military base to retrieve Dudley-Nixon's son from her estranged husband, Vincent Nixon, after a weekend visitation. When they were unable to find either the child or Nixon, Johnson and Dudley-Nixon left the base but returned later that day and found Nixon at home. Johnson and Dudley-Nixon entered the home using Dudley-Nixon's key; they found Nixon and the child sleeping in a bedroom. Johnson then picked up a baseball bat, that he had brought with him, and began beating Nixon on the head, causing severe and permanent injuries. Johnson and Dudley-Nixon were later arrested by the military police. Johnson was found to have 1.63 grams of marijuana on his person.

During the course of the investigation, Dudley-Nixon told one of the investigating agents that she had received threatening phone calls from Johnson regarding her intention to testify against him. Dudley-Nixon later recanted the statements, claiming she could not remember Johnson ever making any such threats. The district court discredited Dudley-Nixon's later statements and found that Johnson had

obstructed justice by threatening Dudley-Nixon, thereby increasing his offense level by two levels. USSG § 3C1.1.

Based on a total offense level of 27 and a criminal history category of III, Johnson's sentencing range was 87 to 108 months imprisonment. The district court sentenced him to 108 months. Johnson noted a timely appeal.

Johnson first challenges the district court's refusal to grant him an adjustment for acceptance of responsibility. We review the district court's decision for clear error. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002). Johnson argues that, because he admitted his guilt and apologized for his conduct, the district court clearly erred in denying the reduction. The district court, after hearing testimony from Johnson, adopted the presentence report's conclusion that Johnson's acceptance of responsibility was disingenuous and that he had attempted to rationalize his conduct by placing part of the blame on Dudley-Nixon. Johnson cannot show that these findings are clearly erroneous. Moreover, Johnson received an adjustment for obstruction of justice; in all but extraordinary cases, a defendant who receives such an adjustment under USSG § 3C1.1 is ineligible for a reduction for acceptance of responsibility. *See* USSG § 3C1.1, comment. (n.4).

Johnson has filed a supplemental pro se brief challenging the two-level enhancement he received for obstruction of justice and the district court's calculation of his criminal history points. Under USSG § 3C1.1, "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." The commentary to the guideline notes that "one type of conduct to which the enhancement applies is threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." USSG § 3C1.1, comment. (n. 3(a)). One of the investigators assigned to the case stated that, during an interview with Dudley-Nixon in April 2001, she told him that Johnson had threatened her regarding her upcoming testimony in his trial. Although Dudley-Nixon denied making those statements to the investigating agent, the district court specifically discredited her later testimony. On these

facts, we find that the district court did not clearly err in enhancing Johnson's sentence for obstruction of justice.

Finally, Johnson claims that the district court erred in calculating his criminal history points by counting two prior convictions as separate convictions when they were related cases that were consolidated for sentencing. The presentence report assigned two criminal history points for a conviction for "Terroristic Threats" on April 10, 1998, and one point for an assault conviction, also on April 10, 1998. The charges arose from two separate incidents on the same date. However, because Johnson committed the second offense after he was arrested for the assault charge, the two convictions were properly counted separately in computing Johnson's criminal history score. USSG § 4A1.2, comment. (n.3).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Although we affirm Johnson's sentence, we remand to the district court for correction of a clerical mistake in the judgment and commitment order which refers to the offense of conviction as conspiracy to commit aggravated assault. *See* Fed. R. Crim. P. 36. We therefore affirm Johnson's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*